CP0009994711



CORPORATION SERVICE COMPANY·

# Notice of Service of Process

LDD / ALL
Transmittal Number: 9664187
Date Processed: 03/02/2012

| | |
|---|---|
| Primary Contact: | Mr. Michael Johnson Law Department<br>The Hartford<br>One Hartford Plaza<br>Law Department<br>Hartford, CT 06115 |
| Copy of transmittal only provided to: | Massimo Fraschilla |
| Entity: | Property and Casualty Insurance Company of Hartford<br>Entity ID Number 2344588 |
| Entity Served: | Property and Casualty Insurance Company |
| Title of Action: | The Clever Factory, Inc. vs. Hartford Casualty Insurance Company |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court/Agency: | Davidson County Chancery Court, Tennessee |
| Case/Reference No: | 12-197-III |
| Jurisdiction Served: | Indiana |
| Date Served on CSC: | 03/02/2012 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | William N. Helou<br>615-846-8000 |
| Notes: | Lines/marks on some pages |

**LAW DEPARTMENT**

**MAR 0 5 '12**

**RECEIVED**

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

To avoid potential delay, please do not send your response to CSC
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

**EXHIBIT 1**

| STATE OF TENNESSEE<br>20TH JUDICIAL DISTRICT<br>CHANCERY COURT | SUMMONS | CASE FILE NUMBER<br>12-297-III |
|---|---|---|
| PLAINTIFF<br>The Clever Factory, Inc. | DEFENDANT<br>Hartford Casualty Insurance Company, and Property and Casualty Insurance Company of Hartford, | |

TO: (NAME AND ADDRESS OF DEFENDANT)

Property and Casualty Insurance Company
c/o Corporation Service Company, Registered Agent
251 E. Ohio Street, Suite 500
Indianapolis, Indiana 46204

Method of Service:
- ☒ Certified Mail
- ☐ Davidson Co. Sheriff
- ☐ *Comm. Of Insurance
- ☐ *Secretary of State
- ☐ *Out of County Sheriff
- ☐ Private Process Server
- ☐ Other

List each defendant on a separate summons.  *Attach Required Fees

**YOU ARE SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CHANCERY COURT, DAVIDSON COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU MUST FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.**

| Attorney for plaintiff or plaintiff if filing Pro Se:<br>(Name, address & telephone number)<br>William N. Helou, Esq.<br>MGLAW, PLLC<br>2525 West End Avenue, Suite 1475<br>Nashville, Tennessee 37203<br>615.846.8000 | FILED, ISSUED & ATTESTED<br>FEB 28 2012<br><br>CRISTI SCOTT, Clerk and Master<br>By:         1 Public Square<br>              Suite 308<br>              Nashville, TN 37201<br><br>Deputy Clerk & Master |
|---|---|

**NOTICE OF DISPOSITION DATE**

The disposition date of this case is twelve months from date of filing. The case must be resolved or set for trial by this date or it will be dismissed by the Court for failure to prosecute pursuant to T.R.C.P. 41.02 and Local Rule 18.

If you think the case will require more than one year to resolve or set for trial, you must send a letter to the Clerk and Master at the earliest practicable date asking for an extension of the disposition date and stating your reasons. Extensions will be granted only when exceptional circumstances exist.

| TO THE SHERIFF: | DATE RECEIVED |
|---|---|
| | Sheriff |

***Submit one original plus one copy for each defendant to be served.

ⓑADA Coordinator, Cristi Scott (862-5710)

I HEREBY CERTIFY THAT THIS IS A TRUE COPY OF ORIGINAL INSTRUMENT FILED IN MY OFFICE.
THIS ____ DAY OF FEB 28 2012 20__
CRISTI SCOTT, CLERK & MASTER
BY _____
DEPUTY

Case 3:12-cv-00325   Document 1-1   Filed 03/30/12   Page 2 of 13 PageID #: 5

## RETURN ON SERVICE OF SUMMONS

I hereby return this summons as follows: (Name of Party Served) _____

☐ Served _____
☐ Not Served _____

☐ Not Found _____
☐ Other _____

DATE OF RETURN: _____

By: _____
Sheriff/or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the ____ day of _____, 20__, I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case _____ to the defendant _____. On the ____ day of _____, 20__, I received the return receipt, which had been signed by _____ on the ____ day of _____, 20__. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| Sworn to and subscribed before me on this ____ day of _____, 20__. Signature of ____ Notary Public or ____ Deputy Clerk  My Commission Expires: _____ | Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process. |
|---|---|

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S):
Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

Mail list to: Clerk & Master
1 Public Square
Suite 308
Nashville TN 37201

Please state file number on list.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

### CERTIFICATION (IF APPLICABLE)

| I, Cristi Scott, Clerk & Master of the Chancery Court in the State of Tennessee, Davidson County, do certify this to be a true and correct copy of the original summons issued in this case. | CRISTI SCOTT, Clerk & Master  By: _____ D.C. & M. |
|---|---|

IN THE CHANCERY COURT FOR DAVIDSON COUNTY, TENNESSEE
TWENTIETH JUDICIAL DISTRICT
AT NASHVILLE

THE CLEVER FACTORY, INC., )
)
    Plaintiff, )
)
v. )
) No. 12-297-III
) Chancellor _____
HARTFORD CASUALTY INSURANCE )
COMPANY, and PROPERTY AND )
CASUALTY INSURANCE COMPANY )
OF HARTFORD, )
)
    Defendants. )

## COMPLAINT

Plaintiff The Clever Factory, Inc. ("Clever Factory"), for its complaint against Defendants Hartford Casualty Insurance Company and Property and Casualty Insurance Company of Hartford (collectively, "Hartford"), states as follows:

## PARTIES

1. Plaintiff Clever Factory is a corporation organized under the laws of the State of Tennessee, with its principal office located at 545 Mainstream Drive, Suite 101, Nashville, Tennessee 37228-1209.

2. Defendant Hartford Casualty Insurance Company is a corporation organized under the laws of the State of Indiana. Its principal place of business is located at 501 Pennsylvania Parkway, Suite 400, Indianapolis, Indiana 46280-0014. Its registered agent for service of process is Corporation Service Company, 251 E. Ohio Street, Suite 500, Indianapolis, Indiana 46204. This entity is listed on the applicable insurance contract underlying this claim as "Insurer".

3. Defendant Property and Casualty Insurance Company of Hartford is a corporation organized under the laws of the State of Indiana. Its principal place of

business is located at 501 Pennsylvania Parkway, Suite 400, Indianapolis, Indiana 46280-0014. Its registered agent for service of process is Corporation Service Company, 251 E. Ohio Street, Suite 500, Indianapolis, Indiana 46204. Communications received from counsel for the "Insurer" have purportedly been on behalf of this entity.

## JURISDICTION

4. This Court has personal jurisdiction over Clever Factory as it is a corporation organized under the laws of and headquartered in the State of Tennessee.

5. This Court has personal jurisdiction over Hartford pursuant to Tennessee's Long-Arm Statute, as both Hartford entities have transacted business in the State of Tennessee, entered into contracts for services to be rendered here, and committed certain wrongful acts within this State. See Tenn. Code Ann. §§ 2-2-201, 214, 222-23, and 225.

## VENUE

6. Venue is proper in this Court pursuant to Tenn. Code Ann. §§ 20-4-101 *et seq.*, as Davidson County is the county where the cause of action arose and where Plaintiff Clever Factory resides or is found.

7. This Court has original jurisdiction over the subject matter of this Complaint pursuant to Tenn. Code Ann. §§ 16-11-101 *et seq.*

## FACTUAL ALLEGATIONS

8. In October 2005, Clever Factory contracted with Hartford for certain insurance coverage. That insurance contract, including all amendments, to the best of Clever Factory's records, is attached to this Complaint as Exhibit A.

9. Since that date, Clever Factory has continued to pay premiums to Hartford pursuant to that insurance contract.

10. Since that date, Clever Factory has not defaulted upon that insurance contract.

11. Pursuant to Section A(1)(b)(1) of the Special Property Coverage Form, Hartford agreed to pay Clever Factory for any loss or damage to its "Business Personal Property," which is defined, among other things, as, "[p]roperty you own that is used in your business[.]"

12. Pursuant to Section A(5)(o)(1) of the Special Property Coverage Form, Hartford agreed to pay Clever Factory for the loss of "Business Income" that resulted from the "suspension" of its operations during the "period of restoration".

13. Pursuant to Section A(5)(p)(1) of the Special Property Coverage Form, Hartford agreed to pay Clever Factory for "Extra Expense" Clever Factory incurred during the "period of restoration" that it would not have incurred but for a physical loss or damage.

14. Pursuant to Section 6(e)(2)(a) and (b) of the Special Property Coverage Form, Clever Factory had the right to extend the insurance that applies to Business Personal Property to apply to: 1) property at the premises Clever Factory acquired or constructed; 2) Business Personal Property that was newly acquired and located at any newly constructed building; and 3) Business Personal Property that was newly acquired and located at the scheduled premises. Clever Factory exercised this contractual right and extended its insurance coverage.

15. On May 2, 2011, water from tenants leasing the office space above Clever Factory's office space at 545 Mainstream Drive, Suite 101, Nashville, Tennessee 37228, leaked into Clever Factory's offices.

3

16. The water damaged property owned by Clever Factory that Clever Factory uses in its business.

17. Specifically, the water damaged templates for the production of coloring books.

18. Clever Factory reported the damage to Hartford representative Rachel Williams on May 2, 2011.

19. At the advice of Jordan Alton, another Hartford Representative, on July 21, 2011, Clever Factory sent the templates to Michigan Disaster Repair, Inc., DBA DocuMedic, for restoration.

20. From July 21, 2011, until September 10, 2011, the templates remained at DocuMedic.

21. During this time, DocuMedic was unable to restore the templates to their pre-loss condition.

22. After being informed of this, Clever Factory and Hartford engaged in conversations related to determining the value of the templates that were not restorable.

23. On September 26, 2011, at Hartford's request, Clever Factory, via email, sent Hartford its fair market value analysis of the templates lost. According to that analysis, the fair market value was $192,000.

24. On September 29, 2011, Hartford requested reference materials that would show how Clever Factory arrived at the fair market value in its prior email.

25. On October 3, 2011, Clever Factory sent Hartford several reference materials, included contracts for the production of similar templates.

4

26. On October 17, 2011, for the first time since the damage was reported on May 2, 2011, and just after Hartford was informed of the monetary extent of the damage, Hartford sent an email to Clever Factory stating that the templates fell under the "Property Not Covered" section of the Special Property Coverage Form (as defined by Section A(2) of the Special Property Coverage Form and any amendments thereto).

27. Again, up until the October 17 email from Hartford, at no point in the previous five months, during which time Hartford and Clever Factory worked to restore the templates, did any Hartford representative assert that the damaged templates fell into the "Property Not Covered" category of the contract.

28. The templates are, in fact, "[p]roperty [Clever Factory] own[s] that is used in [its] business[,]" the very definition of Business Personal Property.

29. Since the damage to the templates has occurred, Clever Factory has been forced to suspend all operations related to mass producing and selling of items from the damaged templates. That suspension cannot end until the templates are either restored or replaced.

30. The suspension of those operations has caused Clever Factory to suffer lost "Business Income".

31. The suspension of those operations has caused Clever Factory to pay "Extra Expense".

## CAUSES OF ACTION

### Cause of Action 1 – Breach of Contract

32. Clever Factory incorporates all allegations contained in Paragraphs 1 – 31 herein as if fully set forth.

5

33. Clever Factory contracted with Hartford for insurance coverage as evidenced by Exhibit A.

34. Clever Factory incurred damage and loss to property covered by that insurance contract.

35. Hartford has refused to provide the full extent of the coverage contracted for in that insurance contract.

36. That refusal is a breach of that insurance contract.

37. That breach was committed intentionally and maliciously by Hartford, with full knowledge that it was breaching the insurance contract.

38. That breach has caused and continues to cause Clever Factory damage.

**Cause of Action 2 – Violation of the Tennessee Consumer Protection Act**

39. Clever Factory incorporates all allegations contained in Paragraphs 1 – 31 herein as if fully set forth.

40. Hartford unfairly and deceptively represented to Clever Factory that its Business Personal Property, Business Income, and Extra Expense would be and was covered by the insurance contract for the applicable limits to each.

41. A primary reason Clever Factory entered into the insurance contract with Hartford was for the coverage of Business Personal Property, Business Income, and Extra Expense.

42. Clever Factory suffered a loss to its Business Personal Property, Business Income, and Extra Expense.

43. Hartford refused to reimburse that loss under the applicable limits each.

44. Hartford's unfair and deceptive act of selling insurance coverage for and accepting premium payments for Business Personal Property, Business Income, and

6

Extra Expense and then refusing to reimburse Clever Factory for damage to each is an unfair and deceptive act pursuant to Tenn. Code Ann. § 47-18-104(b), *et. seq.*

45. Pursuant to Tenn. Code Ann. § 47-18-109(a)(1), Clever Factory has a private right of action against Hartford.

46. Hartford willfully and knowingly committed the unfair or deceptive acts alleged in this Complaint, i.e., Hartford knowingly and willfully sold insurance to and collected premiums from Clever Factory for coverage of Business Personal Property, Business Income, and Extra Expense while never intending to reimburse Clever Factory for losses to each.

47. Pursuant to Tenn. Code Ann. § 47-18-109(a)(3), as a result of Hartford's willful and knowing deceptive acts, Clever Factory is entitled to treble its damages.

48. Pursuant to Tenn. Code Ann. § 47-18-109(e)(1), Clever Factory is also entitled to its reasonable attorney's fees and costs associated with bringing this action.

## Cause of Action 3 – Fraud in the Inducement

49. Clever Factory incorporates all allegations contained in Paragraphs 1 – 31 herein as if fully set forth.

50. Hartford misrepresented to Clever Factory that its Business Personal Property, Business Income, and Extra Expense would be and was covered by the insurance contract for the applicable limits to Business Personal Property.

51. Hartford made this misrepresentation knowingly and willfully and with knowledge that Clever Factory was relying upon it.

52. Hartford made this misrepresentation to induce Clever Factory to enter into the insurance contract.

7

53. A primary reason Clever Factory entered into the insurance contract with and continued to pay premiums to Hartford was for the coverage of Business Personal Property, Business Income, and Extra Expense for the limits that Hartford advertised.

54. Clever Factory was reasonable in its reliance on Hartford's misrepresentation, to its detriment.

55. Clever Factory has been damaged by Hartford's misrepresentation, being now in a position in which its Business Personal Property, Business Income, and Extra Expense were damaged and/or lost and/or incurred without insurance coverage for such losses.

56. Because Hartford's misrepresentation was made knowingly and willfully, Clever Factory is not only entitled to its actual loss, but is also entitled to a punitive damage award against Hartford.

**In the Alternative to Cause of Action 3:**

**Cause of Action 4 – Negligent Misrepresentation**

57. Clever Factory incorporates all allegations contained in Paragraphs 1 – 31 herein as if fully set forth.

58. Hartford misrepresented to Clever Factory that its Business Personal Property, Business Income, and Extra Expense would be and was covered by the insurance contract for the applicable limits to Business Personal Property.

59. Hartford made this misrepresentation negligently and with knowledge that Clever Factory was relying upon it.

60. Hartford made this misrepresentation to induce Clever Factory to enter into the insurance contract.

8

61. A primary reason Clever Factory entered into the insurance contract with and continued to pay premiums to Hartford was for the coverage of Business Personal Property, Business Income, and Extra Expense for the limits that Hartford advertised.

62. Clever Factory was reasonable in its reliance on Hartford's misrepresentation, to its detriment.

63. Clever Factory has been damaged by Hartford's misrepresentation, being now in a position in which its Business Personal Property, Business Income, and Extra Expense were damaged and/or lost and/or incurred without insurance coverage for such losses.

## DEMAND FOR RELIEF

Clever Factory demands judgment on its Complaint as follows:

(a) An award of compensatory and actual damages related to the damage to and loss of the Business Personal Property, Business Income, and Extra Expense in an amount to be determined at trial;

(b) Trebling of those compensatory and actual damages due to the willful and knowing violation of the Tennessee Consumer Protection Act;

(c) An award of reasonable attorney's fees and costs incurred in pursuing this litigation, pursuant to the Tennessee Consumer Protection Act;

(d) An award of punitive damages against Hartford for its knowing and willful fraud in inducing Clever Factory to enter into and pay premiums related to the insurance contract in an amount to be determined at trial;

(e) That court costs be taxed to Hartford;

(f) That discretionary costs be awarded to Clever Factory;

(g) For prejudgment and post-judgment interest; and

(h) For all other relief to which Clever Factory may be entitled.

Respectfully submitted,

*/s/ William N. Helou*

William N. Helou, #22839 (wnh@mglaw.net)
MGLAW, PLLC
2525 West End Avenue, Suite 1475
Nashville, Tennessee 37203
615.846.8000
Fax: 615.846.9000

ATTORNEY FOR PLAINTIFF
THE CLEVER FACTORY, INC.

MGLAW, PLLC will act as surety for costs in this action not to exceed $500.00.